HORNSBY, Chief Justice.
This venue case arises out of an action by Buddy’s Marineland, Inc., against Birmingham Federal Savings and Loan Associ *17 ation (hereinafter “Birmingham Federal”) for declaratory relief regarding the interpretation of an agreement between the two parties concerning the assignment of a particular promissory note.[1] Buddy’s Marine-land sued in the Bessemer Division of the Jefferson County Circuit Court; Birmingham Federal filed a motion to dismiss or, in the alternative, to transfer the case to the Birmingham Division. That motion was denied. A bench trial followed, resulting in a judgment in favor of Buddy’s Marineland. Birmingham Federal then filed a motion for a new trial based on improper venue, which, the trial court denied. This appeal followed.
The sole issue is whether the trial court erred in denying the defendant’s motion for a new trial based on improper venue. The parties do not dispute the propriety of the filing of this action in Jefferson County. Rather, the question is in which of the two divisions, Bessemer or Birmingham, it should have been filed.
The burden of proving improper venue rests upon the party raising the issue. See Ex parte Harrington Mfg. Co., 414 So.2d 74, 76 (Ala.1982). Regardless of whether the trial court grants or denies a pre-trial motion to transfer, or grants or denies a post-trial motion for a new trial based on improper venue, its decision will not be disturbed on appeal absent a showing of plain or palpable error. Cf., Ex parte Nelson, 448 So.2d 339, 340 (Ala.1984); Ex parte Jim Skinner Ford, Inc., 435 So.2d 1235, 1236 (Ala.1983); and Ex parte Harrington Mfg. Co., 414 So.2d at 76.
Code 1975, § 12-11-11, governs the transfer of a case to another court within the same county, and it provides as follows:
“Whenever it shall appear to the court that any case filed therein should have been brought in another court in the same county, the court shall make an order transferring the case to the proper court, and the clerk or register shall forthwith certify the pleadings, proceeds, costs and order to the court to which the case is transferred, and the case shall be docketed and proceed in the court to which it is transferred, and the costs accrued in the court in which the case was originally filed shall abide by the result of the case in the court to which transferred.” (Emphasis added.)
We have recognized the rule that, absent a waiver, an action brought in Jefferson County must be brought in the Bessemer Division “if it ‘arises’ within the territorial boundaries of the Bessemer Cutoff.” See Ex parte Alabama Mobile Homes, Inc., 468 So.2d 156, 161-62 (Ala.1985) (citing Local Act No. 213, § 2, p. 62, Ala. Acts 1919); Ex parte Humana, Inc., 462 So.2d 922, 925 (Ala.1985); Ex parte Birmingham So.R.R., 473 So.2d 500, 501 (Ala.1985); and Glenn v. Wilson, 455 So.2d 2, 4 (Ala.1984). Likewise, absent a waiver, all suits brought in Jefferson County Circuit Court that arise within the boundaries of the Birmingham Division must be brought in the Birmingham Division. See Ex parte Alabama Mobile Homes, 468 So.2d at 162; Ex parte Central of Georgia Ry., 243 Ala. 508, 512-13, 10 So.2d 746, 750 (1942); and Cleveland, “Territorial Jurisdiction of the Circuit Court in the Bessemer Cutoff,” Yol. 3, No. 2, Birmingham Bar Ass’n Bulletin (Summer 1982).
In the present case, the record contains sparse evidence with regard to either party’s contentions concerning where this claim arose. However, the burden is upon the defendant as the moving party to show that venue was improper. This it has unquestionably failed to do. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.

. We point out that this action concerns an agreement between Buddy’s Marineland and Birmingham Federal with respect to the assignment of a particular promissory note and is not an action to recover on the note itself. Cf., Ex parte Alabama Mobile Homes, Inc., 468 So.2d 156 (Ala.1985).