SHORES, Justice.
The trial court denied the petitioner’s request for change of venue on the ground that his motion was not timely. He then filed this petition for writ of mandamus, asking this Court to require the trial court to grant his motion for change of venue. We deny the petition.
The following account of the case is helpful:
DATE ACTION
November 14,1980 Summons and complaint filed against petitioner, alleging misrepresentation in the sale of cattle by him to the plaintiffs. The complaint sought damages in the amount of $100,000.
November 17,1980 Summons and complaint served on defendant.
January 11,1981 Default judgment entered against the defendant for $70,000.
March 12,1981 Civil execution issued.
April 1,1981 Defendant’s motion for relief from judg-
May 22,1981 Hearing on defendant’s motion for relief from judgment.
July 20,1981 Order granting motion and setting aside default judgment.
July 24,1981 Petition for writ of mandamus by plaintiffs to rescind the order granting defendant’s motion.
August 17,1981 Order of the Supreme Court denying plaintiffs’ petition for writ of manda-
August 28,1981 Defendant’s motion to dismiss or transfer to Lee County filed.
April 15,1982 Hearing on defendant’s motion to dismiss or to transfer to Lee County.
April 15,1982 Order denying defendant’s motion to dismiss or to transfer to Lee County.
The first time the defendant raised the venue issue came some nine months after the complaint was filed. This is not a timely objection under Alabama Rules of Civil Procedure, Rule 82.
The defendant’s first pleading in the case was filed only after the plaintiffs had taken a default judgment. He alleged that his failure to file an answer was due to inadvertence or mistake. He did not deny having been served with a copy of the summons and complaint. He did not raise venue at that time and did so for the first time after this Court refused to order reinstatement of the default judgment.
He argues that his motion to dismiss under Rule 12(b)(3), Alabama Rules of Civil Procedure, which recognizes improper venue as a good defense, was his first responsive pleading in this litigation and was, therefore, timely. We disagree. The Alabama Rules of Civil Procedure were designed to secure the just, speedy, and inexpensive determination of every civil case. This petitioner seeks extraordinary relief by way of mandamus after having failed to file an answer to a lawsuit admittedly served on him. He has put the plaintiffs to considerable expense, both in terms of time and money, and has sought and received relief from a default judgment. Only after the plaintiffs failed in this Court to have the judgment reinstated did he raise the venue issue. Under these facts, we hold that his objection to venue comes too late.
The petition is denied.
WRIT DENIED.
MADDOX, FAULKNER and JONES, JJ., concur.
BEATTY, J., concurs specially.