MURDOCK, Justice.
Michelin North America, Inc. (“MNA”), and Michelin Americas Research & Development Corporation (“MARC”) (hereinafter referred to collectively as “Michelin”)[1] petition this Court for a writ of mandamus ordering the Barbour Circuit Court to transfer this Alabama Extended Manufacturer’s Liability Doctrine (“AEMLD”) action to Tuscaloosa County. We grant the petition.

I. Facts and Procedural History

On September 27, 2006, Gustavo Perez Lopez was driving his 1997 Ford Explorer sport-utility vehicle on 1-65 in Prattville, a city located in Autauga County. Allegedly, the tread of the right rear tire on the vehicle separated from the tire carcass, causing the vehicle to become uncontrollable. The vehicle rolled over, and Lopez sustained fatal injuries as a result.
On September 11, 2007, Shane Seaborn, as administrator of Lopez’s estate,[2] filed an AEMLD action in the Barbour Circuit Court against Michelin and Middle Tennessee Imports, Inc.,[3] alleging that the defendants designed, manufactured, and sold a defective tire and that the tire caused the accident that resulted in Lopez’s death. In the complaint, Seaborn *606 alleged that venue was proper in Barbour County pursuant to § 6-3-7(a)(3), Ala. Code 1975,[4] because Seaborn was a resident of Barbour County and he believed Michelin did business in that county. The complaint stated that at the time of the accident Lopez was living in Tennessee and that he had acquired the used Ford Explorer in Tennessee.
On October 15, 2007, MNA and MARC filed separate answers to the complaint in which they each denied the allegation that venue was proper in Barbour County and asserted the affirmative defense of improper venue, stating that the Barbour Circuit Court “should transfer the case to Autauga County, Alabama, where venue is proper.” MNA stated that it is a New York corporation with its principal place of business in Greenville, South Carolina; MARC stated that it is a Delaware Corporation with its principal place of business in Greenville, South Carolina.
On November 27, 2007, and January 22, 2008, respectively, Seaborn filed first and second amended complaints in which he continued to allege that venue was proper in Barbour County. On December 11, 2007, and February 1, 2008, respectively, MNA and MARC filed answers to Sea-born’s first and second amended complaints in which each again denied that venue was proper in Barbour County and pleaded improper venue as an affirmative defense, stating that the Barbour Circuit Court “should transfer the case to an alternative county where venue is proper, such as Tuscaloosa County, Alabama[5] or Autauga County, Alabama.” In its answers, MNA also raised as an alternative defense that if venue was proper in Barbour County, then, for the convenience of the parties, witnesses, and in the interest of justice, the Barbour Circuit Court “should transfer venue of this lawsuit to another county with more significant connections to the incident in question, such as Tuscaloosa County, Alabama, or Autau-ga County, Alabama, pursuant to Alabama Code § 6-3-21.1 (1993).”[6]
On April 21, 2008, MNA and MARC filed a joint motion for a change of venue pursuant to Rule 82(d)(1), Ala. R. Civ. P., on the ground that venue was improper in Barbour County or, in the alternative, on the ground that, if venue in Barbour County was proper, the action should be transferred based on the doctrine of forum non conveniens pursuant to § 6-3-21.1. Michelin filed affidavits and excerpts from witness depositions in support of its motion.[7] Michelin asserted, with evidentiary *607 support, that neither MNA nor MARC did business by agent in Barbour County; that the tire in issue was designed by MARC in South Carolina; and that the tire was manufactured, inspected, and sold by MNA in Tuscaloosa.
On the same date it filed its motion for a change of venue, Miehelin removed the action to the Federal District Court for the Middle District of Alabama. On February 20, 2009, the federal district court remanded the action to the Barbour Circuit Court for lack of subject-matter jurisdiction. See Seaborn v. Miehelin North America, Inc., (No. 2:08cv305-MEF., Feb. 20, 2009) (M.D.Ala.2009) (not reported in F.Supp.3d).
On February 25, 2009, Miehelin renewed its motion for a change of venue on the alternative grounds of improper venue and forum non conveniens. In its response to the motion, Seaborn contended that Michelin could not invoke the doctrine of forum non conveniens because, it argued, Michelin “presented no evidence that Barbour County was [a] proper venue at the time of filing [the action].” Seaborn did not dispute Michelin’s evidence indicating that neither MNA nor MARC did business by agent in Barbour County.
Following a hearing, in an order entered on May 18, 2009, the circuit court denied Miehelin’s motion for a change of venue. As to the issue of forum non conveniens, the circuit court concluded that a transfer to another venue was not appropriate because “there is no evidence before the Court that venue was proper [in Barbour County] at the time of filing [of the action].” In rejecting Michelin’s argument that venue was not proper in Barbour County, the circuit court reasoned as follows:
“[Miehelin] also argues that venue should be transferred to Tuscaloosa County under Rule 82 because venue was improper at the time the action was filed. Assuming [Miehelin is] correct, the Court finds that Michelin’s motion to transfer venue is untimely pursuant to Rule 82. Rule 82 is clear that any motion to transfer venue under Rule 82(d)(1) or 82(d)(2) must be made within thirty (30) days. See Ex parte Starr, 419 So.2d 222 (Ala.1982) (Fn. 1); Ex parte DaimlerChrysler Corp., 952 So.2d 1082 (Ala.2006) (Fn. 7); Rule 82(d)(2)(C)(iii).
“Although [Miehelin] objected to venue in its responsive pleading, [Miehelin] did not file a motion to transfer venue within the thirty (30) day requirement of Rule 82. Therefore, although [Miehelin] objected to venue in its initial answer, its failure to file a motion to transfer venue within the time requirements allowed by Rule 82 acted as a waiver of the objection to venue. See Rule 82(d)(2)(C)(iii). Moreover, this case has been pending since September 11, 2007. In Ex parte Starr, 419 So.2d 222 (Ala.1982), the Alabama Supreme Court held that filing a motion to transfer venue months after a case was commenced was untimely; thus, [Michelin’s] motion is generally untimely.”
Miehelin timely filed its petition for a writ of mandamus following the circuit court’s ruling on its motion for a change of venue. This Court granted Michelin’s mo *608 tion to stay the circuit court proceedings pending the disposition of this petition for writ of mandamus.

II. Standard of Review

“The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala.1986). ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). ‘When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.’ Id: Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala. 1995).”
Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998).

III. Analysis

Michelin first contends that venue is improper in Barbour County and that it made a timely objection to venue and filed a timely motion to transfer venue. It insists that the circuit court clearly erred in concluding otherwise.
The circuit court concluded that Michelin’s motion for a change of venue was untimely first because it believed Michelin had to file its motion within 30 days.[8] For support of this proposition, the circuit court cited Rule 82(d)(2)(C)(iii), Ala. R. Civ. P. Rule 82(d), Ala. R. Civ. P., provides:
“(d) Improper venue.
“(1) As of the Commencement of the Action. When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein.
“(2) After Commencement of the Action.
“(A) Voluntary Dismissal. When a defendant whose presence made venue proper as to the entire action at the time of the commencement of the action is subsequently dismissed on notice or motion of the plaintiff, the court, on motion of less than all remaining defendants, in its discretion, may, and on motion of all remaining defendants, shall transfer the action to a court in which the action might have been properly filed had it been initially brought against the remaining defendants alone; provided, however, in the event that a pro tanto settlement between the plaintiff and a defendant is the basis for the dismissal of that defendant, the action shall not be transferred unless the court, in its discretion, has determined that the primary purpose of the pro tanto settlement was an attempt to defeat the right to transfer that would have otherwise existed had there been a dismissal of that defendant without such settlement.
*609 “(B) Involuntary Dismissal. When a defendant whose presence made venue proper as to the entire action at the time of the commencement of the action is subsequently dismissed on motion of that defendant, and such dismissal has been made a final judgment as to that defendant pursuant to Rule 54(b), [Ala. R. Civ. P.,] the court, on motion of less than all remaining defendants, may, in its discretion, and, on motion of all remaining defendants, shall transfer the action to a court in which the action might have been properly filed had it been initially brought against the remaining defendants alone, provided that any such motion is served prior to commencement of trial and after said order of dismissal has become final by appeal or expiration of time for appeal.
“(C) Timeliness of motion.
“(i) Voluntary dismissal. A motion to transfer after voluntary dismissal of a party shall be served as soon as practicable if the action has been set for trial within less than thirty (30) days of the dismissal or if the trial of the action has commenced; and, in all other instances, within thirty (30) days after the plaintiff serves a notice of the voluntary dismissal on all other parties and files a copy of the notice with the clerk.
“(ii) Involuntary dismissal. A motion to transfer after involuntary dismissal of a party shall be served, in all events, prior to the commencement of trial, and as soon as practicable if the action has been set for trial within less than thirty (30) days of the finality by appeal or expiration of the time for appeal of the order of dismissal; and, in all other instances, within thirty (30) days after the plaintiff serves on all other parties a notice of the finality of the order of dismissal and files a copy of the notice with the clerk.
“(iii) Waiver. A defense of improper venue under this rule is waived if a motion to transfer is not served within the time limits of subsections (d)(2)(C)(i)-(ii) of this rule.”
Rule 82(d), Ala. R. Civ. P.
The circuit court apparently understood Rule 82( d) (2) (C) (iii) to refer to motions for a change of venue that are made under Rule 82(d)(1) as well as Rule 82(d)(2). As we recently observed, however, “Rule 82(d)(2)(C)(i)-(iii), by its wording, does not apply to improper venue as of the commencement of the action.... ” Ex parte Movie Gallery, Inc., 31 So.3d 104, 112 (Ala.2009). In other words, Rule 82(d) does not impose a 30-day time limit for filing a motion for a change of venue when venue is improper at the commencement of the action. Instead, Rule 82(d)(1) requires a “timely motion” by the defendant.
The cases cited by the circuit court in its order denying Michelin’s motion for a change of venue do not contradict Movie Gallery. In Ex parte DaimlerChrysler Corp., 952 So.2d 1082, 1098 n. 7 (Ala.2006), this Court stated:
“[The plaintiff] also argues that the petitioners have waived the issue of forum non conveniens because they waited over six months after the complaint was filed before filing their motion to dismiss on that basis. Section 6-5-430 contains no limitations period within which to move for a dismissal. [The plaintiff] suggests that Rule 82(d)(2)(C), Ala. R. Civ. P., which provides that a motion for a change of venue should be filed within 30 days, provides guidance. Rule 82(d), however, addresses the transfer of a case filed in an improper venue; it does not address the doctrine of forum non conveniens. There is no *610 dispute that Etowah County is a proper venue in this case; thus, Rule 82(d) is inapplicable.”
(Emphasis added.) The DaimlerChrysler Court was simply observing that Rule 82(d) pertains to transfers based on improper venue and does not address transfers based on forum non conveniens.
The circuit court also cited a footnote in Justice Beatty’s special concurrence in Ex parte Stair, 419 So.2d 222 (Ala.1982), in which he stated that “[t]he amended version of Rule 82, effective March 1, 1982, and thus not applicable here, defines what is [a] timely [motion for a change of venue] but does not address the situation presented here.” 419 So.2d at 224 n. 1 (Beatty, J., concurring specially). Justice Beatty’s statement was general in nature; it did not specifically state that a 30-day time limit is applied to motions challenging venue at the commencement of the action.
As this Court explained in Movie Gallery:
“The Alabama Rules of Civil Procedure provide two ways in which the venue chosen by the plaintiff may be challenged as of the commencement of the action: Rule 12(b)(3)[, Ala. R. Civ. P.,] provides for the challenge of venue within 30 days, either in the responsive pleading, i.e., the answer, or by a motion made before the responsive pleading. Rule 82(d)(1) provides for the transfer of the action by timely motion of the defendant when venue has been laid in the wrong county.”
31 So.3d at 109. Michelin pleaded improper venue in each of its answers to Sea-born’s complaints, and it specifically requested in those answers that the circuit court transfer the action to a proper venue. Thus, like the defendant in Movie Gallery, “by asserting its defense of improper venue in its answer, [Michelin] preserved its right to file a timely motion for a change of venue under Rule 82(d)(1)....” 31 So.3d at 111.
The remaining issue, therefore, is whether Michelin’s motion for a change of venue was “timely” under Rule 82(d)(1). The circuit court again cited Starr — this time the main opinion — for support of its secondary finding that Michelin’s motion was “generally untimely.” Starr is distinguishable, however. The Starr Court stated, in pertinent part:
“The trial court denied the petitioner’s request for change of venue on the ground that his motion was not timely. He then filed this petition for writ of mandamus, asking this Court to require the trial court to grant his motion for change of venue. We deny the petition.
[[Image here]]

“The first time the defendant raised the venue issue came some nine months after the complaint was filed. This is not a timely objection under Alabama Rules of Civil Procedure, Rule 82.

“The defendant’s first pleading in the case was filed only after the plaintiffs had taken a default judgment. He alleged that his failure to file an answer was due to inadvertence or mistake. He did not deny having been served with a copy of the summons and complaint. He did not raise venue at that time and did so for the first time after this Court refused to order reinstatement of the default judgment.
“He argues that his motion to dismiss under Rule 12(b)(3), Alabama Rules of Civil Procedure, which recognizes improper venue as a good defense, was his first responsive pleading in this litigation and was, therefore, timely. We disagree. The Alabama Rules of Civil Procedure were designed to secure the just, speedy, and inexpensive determination of every civil case. This petitioner seeks *611 extraordinary relief by way of mandamus after having failed to file an answer to a lawsuit admittedly served on him. He has put the plaintiffs to considerable expense, both in terms of time and money, and has sought and received relief from a default judgment. Only after the plaintiffs failed in this Court to have the judgment reinstated did he raise the venue issue. Under these facts, we hold that his objection to venue comes too late.”
Starr, 419 So.2d at 223 (emphasis added).
In contrast to the circumstances in Starr, between October 15, 2007, and February 1, 2008, Michelin timely filed answers to the plaintiffs original complaint and two amended complaints. Each of these answers contained clear assertions of the defense of improper venue. Two and a half months after the filing of the last of these answers, Michelin filed a motion for a change of venue.[9]
Seaborn contends that Michelin’s motion for a change of venue is generally untimely because Michelin “waited over seven (7) months before it sought to transfer venue under Rule 82 despite knowing that venue was improper when it was first served with the Complaint.” Seaborn argues that Michelin’s behavior in filing its motion for a change of venue is contrary to the notion that the Alabama Rules of Civil Procedure are designed to “secure the just, speedy and inexpensive determination of every action.” Rule 1(c), Ala. R. Civ. P. Seaborn alleges that “Michelin was neither vigilant nor diligent in filing its motion to transfer.”
There are several problems with Sea-born’s contention. First, as noted, Michelin filed its motion for a change of venue two and a half months after MNA and MARC filed their answers to Seaborn’s second amended complaint. In Movie Gallery, by comparison, this Court concluded that a defendant’s motion to transfer an action based on improper venue was timely when it was filed 81 days after the defendant’s answer normally would have been due — almost 4 months after the complaint was filed — and 55 days after the defendant’s answer actually was filed pursuant to an agreement to extend the time for filing an answer. See Movie Gallery, 31 So.3d at 111.
Second, Seaborn’s claim that Michelin knew that venue was improper in Barbour County from the outset of the action ignores the fact that Michelin needed to provide support for its motion for a change of venue. See Ex parte Pratt, 815 So.2d 532, 538 (Ala.2001) (“Once the party challenging venue has met the burden of pleading improper venue, he then has the burden of proving that venue is improper.”). A defendant may need at least some time to marshal evidence to prove the allegation that venue is improper. Indeed, federal courts have explicitly concluded that the invocation of discovery does not always serve as a waiver of the defense of improper venue if the defense has been properly pleaded by the defendant. See, e.g., Shaw v. United States, 422 F.Supp. 339, 341 (D.C.N.Y.1976): “The taking of depositions would not, by itself, produce a waiver of the venue issue, ... especially where, as here, discovery was necessary to frame the averments included in the motion to dismiss or transfer that was ultimately made.” See also 14D Charles Alan *612 Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3829 (2007) (noting that “[o]n occasion a party who has raised a proper objection to venue will make use of discovery before pressing for a decision on the venue objection. The service of interrogatories and the taking of depositions is not, in itself, a waiver of the venue defense.”).
Michelin argues that its delay in filing the motion for a change of venue was due in part to its seeking discovery to support its alternative ground for its motion for a change of venue, forum non conveniens. Seaborn argues that this is not a legitimate reason because, it says, the doctrine of forum non conveniens applies only where the action is commenced in a county where venue is appropriate, see, e.g., Ex parte Townsend, 589 So.2d 711, 714 (Ala.1991), and “Michelin knew venue was improper at the commencement of this action.” Parties are permitted to make arguments in the alternative, however. Here, Michelin was confronted with a complaint filed in Barbour County by a plaintiff who thereby took the position that Barbour County was in fact a proper venue. Faced with that position advanced by the plaintiff, and having no guarantee that it would prevail against the plaintiffs own position that venue in Barbour County was proper, Michelin simply found it prudent to assert and prepare an alternative basis for transfer of the action, i.e., forum non conveniens. See, e.g., National Sec. Ins., 727 So.2d at 789 (defendant filed a motion to dismiss or to transfer the action “based on improper venue and on the doctrine of forum non conveniens,” though only one could apply).
In short, Michelin consistently preserved its right to file a timely motion for a change of venue in each of MNA’s and MARC’s answers to Seaborn’s complaint and amended complaints. It then engaged in discovery aimed at supporting such a motion. Upon completion of that discovery, it filed a motion for a change of venue on the alternative bases of improper venue and forum non conveniens. Seaborn has conceded in the circuit court and on appeal that venue is improper in Barbour County, and the circuit court noted in its order that there was no evidence indicating that venue was proper in Barbour County at the time the action was filed. Under these circumstances, we conclude that Micheliris motion for a change of venue was not untimely and that the circuit court erred in denying Micheliris motion on that basis.[10]

IV. Conclusion

Because we conclude that Michelin carried its burden of demonstrating that venue was improper in Barbour County at the commencement of this action, and because Michelin did not waive its objection to improper venue, we grant Michelin’s petition for a writ of mandamus. The circuit court is ordered to transfer the action to a proper venue.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and STUART and BOLIN, JJ., concur.
LYONS, J., concurs specially.

. Effective January 1, 2008, MARC and MNA merged. The surviving entity is MNA; MARC now operates as a division of MNA under the name Michelin Americas Research Company.

. Seaborn is an attorney who resides in Clayton. He was appointed special administrator ad colligendum of Lopez's estate by the Barbour County Probate Court. All Lopez's heirs live in Mexico.

.Lopez purchased the vehicle from Middle Tennessee Imports. Middle Tennessee Imports was subsequently dismissed from the action.

. Section 6-3-7(a)(3), Ala.Code 1975, provides, in part:
"(a) All civil actions against corporations may be brought in any of the following counties:
[[Image here]]
"(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence....”

. MNA operated a tire-manufacturing facility in Tuscaloosa.

. Section 6-3-21.1(a), Ala.Code 1975, provides, in pertinent part:
"With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”

. The parties had conducted some written discovery, and Michelin had deposed several emergency responders who were present at the scene of the accident. Seaborn had not *607 yet been deposed, and neither party had disclosed expert witnesses. In its brief, Miehelin explains that, after answering the complaint, it "conducted preliminary discovery to support a motion to transfer on alternative grounds of improper venue and forum non conveniens. [Miehelin] served discovery, deposed several witnesses who responded to the scene of the accident, and obtained affidavits supporting forum non conveniens grounds for transfer.” Seaborn does not dispute this characterization.

. The circuit court does not state the benchmark from which the 30 days began to run, but presumably it meant 30 days from the filing of the complaint.

. Ex parte Maness, 386 So.2d 429 (Ala.1980), cited by Seaborn, is likewise distinguishable. In Maness, the Court concluded that “defendants’ motion for change of venue was not made until ten months after their pleadings. It was, therefore, waived.” 386 So.2d at 431. Unlike Michelin in this case, however, the defendant in Maness did not raise the defense of improper venue in its pleadings.

. Because we conclude that Michelin’s motion to transfer the action based on improper venue was well taken, we pretermit any discussion of the parties’ arguments concerning Michelin’s alternative argument that the action was due to be transferred based on the doctrine of forum non conveniens.