Rel: March 14, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

––––––––––––––––––––––––––

### CL-2024-0856

––––––––––––––––––––––––––

### Michael Riddle

### v.

### Phyllis Riddle

### Appeal from Elmore Circuit Court
### (DR-24-900109)

MOORE, Presiding Judge.

Michael Riddle ("the husband") appeals from a judgment entered by the Elmore Circuit Court ("the trial court") denying his motion to set aside a default judgment divorcing him from Phyllis Riddle ("the wife").

We reverse the trial court's judgment and remand the case to the trial court with instructions.

## Procedural History

On May 29, 2024, the wife filed in the trial court a complaint seeking a divorce from the husband; she asserted that the parties had married on April 21, 2000, that there were no children born of the marriage, that there was a complete incompatibility of temperament such that the parties could no longer live together, and that there had been an irretrievable breakdown of the marriage. The wife sought, among other things, an equitable division of the parties' property and debts. On June 12, 2024, the husband was served with the summons and the complaint. On August 8, 2024, the wife filed an "application to the court for [the] entry of [a] default judgment" based on the husband's failure to plead, answer, or otherwise defend against the wife's complaint; the wife's counsel filed an affidavit in support of that application. On that same date, the wife filed an "affidavit on default judgment," which provides, in pertinent part:

> "My name is Phyllis Riddle. I am over the age of nineteen (19) years and have been a bona fide resident citizen of the State of Alabama.

"I am requesting [that] the [trial] court enter a final decree of divorce and divide the assets and debts of my marriage as follows to which I am entitled and upon the following terms. I further request the following relief:

"REAL PROPERTY

"1. The wife is awarded the residence along with the contents of the premises located [on] Commodore Street, Montgomery, Alabama .... A clerk's deed shall issue if the husband refuses to execute a [quitclaim] deed thereto.

"2. The wife is awarded the lot located [on] East Fleming Road, Montgomery, Alabama .... The husband will execute a [quitclaim] deed within thirty (30) days of the execution of this final decree. A clerk's deed shall issue if the husband refuses to execute said [quitclaim] deed.

"3. Any real property not specifically awarded to the husband herein is awarded to the wife who shall hold the husband harmless as to any indebtedness thereon.

"PERSONAL PROPERTY

"4. The wife is awarded the following vehicles: one (1) 2004 Explorer Sportstrack, one (1) 2014 Camaro, and one (1) Chrysler 300 and shall hold the husband harmless as to any indebtedness thereon.

"5. The wife is awarded the following personal property currently in her possession:

"a. John Deere 717A Zero turn lawn mower ...;

"b. 8' Utility Trailer ....

"6. The wife is awarded all other vehicles not specifically awarded to the husband herein and shall hold the husband harmless as to any indebtedness thereon.

"7. All other personal property having been already divided, the parties are awarded all said property in their possession, not specifically set out herein.

## "DEBT DIVISION

"8. Other than the debts specifically set out herein, each of the parties shall be responsible for and hold the other party harmless as to any indebtedness held solely in their respective name.

"9. Except and unless otherwise specifically set out herein, neither party shall at any time hereinafter obligate or charge to the other party's credit in any manner whatsoever, or contract any debts, charges, or liabilities of any nature for which the other party shall or may become liable to answer.

## "BANK ACCOUNTS

"10. Each party is awarded ownership of any bank accounts held solely in their own name and any assets therein.

"11. Each party shall remove their name as signator on any bank account held in the name of the other party.

"12. Any joint bank accounts shall be closed.

## "BUSINESS ENTITIES

"13. The wife is awarded the parties' business, Recovery Services, LLC, and all equipment and wreckers associated with said business.  The wife is awarded all assets of said

4

LLC. The bank account for the business with the wife's name listed along with all monies therein is awarded to the wife.

## "RETIREMENT

"14. Each party is awarded any retirement asset or account listed solely in their own name unless stated otherwise herein.

"15. Both parties waive their rights to any retirement account(s) or retirement asset(s) held by the other party not specifically listed herein.

## "ALIMONY

"16. Neither party shall be entitled to alimony. No issue of alimony is reserved.

## "TAXES

"17. The parties will file separately for the 2024 [sic] and thereafter. The husband will be responsible for any past or present tax debt owed by himself or any business he has operated in the past. Said business to include but not limited to Recovery Services, LLC. The husband shall indemnify the wife against any and all tax liability incurred by himself or any such business."[1]

---

[1]The wife's affidavit appears to be missing at least one page. The final page of her affidavit states only "conditions of the Final Decree of Divorce or for the damages in the breach of the same," before the wife's signature and the notarization of the document appear. The clerk of this court communicated with the trial-court clerk's office and confirmed that the wife's affidavit, which was electronically filed in the trial court, appears in the trial court's records as it does in the record on appeal.

On August 8, 2024, the wife also filed a motion for the entry of a "final decree of divorce/default judgment" and a proposed final judgment. In addition to the property division outlined in the wife's affidavit, which was restated verbatim in the proposed judgment, the proposed judgment also provides that the parties are divorced on account of incompatibility of temperament; that neither party may again contract marriage until 60 days of the date of the entry of the judgment, except to each other; that each party shall be responsible for his or her own attorney's fees and costs; that "the parties shall execute and/or deliver any documentation necessary to effectuate the" final divorce judgment, including quitclaim deeds, transfer of business interests, and other documents necessary to transfer title and ownership within 30 days "of the execution of this agreement"; that each of the parties shall refrain from harassing, annoying, or alarming the other "subsequent to the signing"; that the wife shall have the right to resume the use of the name Pippin should she so choose; and that either party who violates the terms of the final judgment shall be liable for the expenses, costs, and attorney's fees resulting from the bringing of any suit or other proceeding to enforce the performance of any terms or conditions of the final divorce judgment. On August 8, 2024,

the trial court entered a judgment adopting in its entirety the wife's proposed final judgment.

On September 6, 2024, the husband filed, pursuant to Rule 55(c), Ala. R. Civ. P., a motion to set aside the default judgment. He asserted, among other things, that, after he was served with the summons and the complaint, he and the wife had engaged in settlement discussions in an effort to resolve the divorce; that his failure to timely file his answer was the result of mistake, inadvertence, or excusable neglect and not the result of any willful or culpable conduct on his part; that Elmore County was not the proper venue for the divorce action; and that the wife had failed to submit sufficient evidence in support of a default judgment in accordance with Rule 55(e), Ala. R. Civ. P. The husband filed in support of his motion his own affidavit, in which he attested, among other things, that he and the wife had engaged in ongoing settlement discussions in an attempt to settle the divorce; that he had had no notice that the wife wanted to move forward with the divorce case at the time he received a copy of the default judgment; that, at the time of the commencement of the divorce case, neither party had resided in Elmore County and the parties had not separated while residing in Elmore County; that he

7

"disagree[d] with the claims made by the wife"; and that he "would like the opportunity to present [his] own claims and defenses in order [to] obtain a divorce with an equitable division." On September 6, 2024, the husband also filed a motion for a change of venue; he asserted that, pursuant to Ala. Code 1975, § 30-2-4, Elmore County was an improper venue for the filing of the divorce action and requested an order transferring the case to the Montgomery Circuit Court.

On September 9, 2024, the wife filed an objection to the husband's motion to set aside the default judgment and an objection to the husband's motion for a change of venue. On September 17, 2024, a hearing was conducted on the husband's motions. In response to the arguments presented by the husband's counsel in support of the husband's motion to set aside the default judgment and the motion for a change of venue, the wife's counsel made certain assertions of fact; we note, however, that "[t]he unsworn statements, factual assertions, and arguments of counsel are not evidence." Ex parte Russell, 911 So. 2d 719, 725 (Ala. Civ. App. 2005). Additionally, the wife's counsel argued that the husband had waived the issue of improper venue; that the wife's assertion in her affidavit that she was entitled to the property outlined

8

therein was sufficient to support the division of the marital property; and that the husband's failure to respond to the summons and the complaint did not amount to inadvertence, mistake, or excusable neglect. The wife's counsel conceded that the parties did not reside and had not separated in Elmore County but, the wife's counsel argued, "[y]ou can file in a foreign venue if there is no objection."

On October 3, 2024, the trial court entered an order denying the husband's motion to set aside the default judgment and all other pending motions; it concluded that the husband had not presented a meritorious defense, that the wife would be unfairly prejudiced if the default judgment were to be set aside, and that

> "the default judgment was a result of the [husband's] own culpable conduct as he was served with the [divorce complaint] and had full knowledge and input concerning this matter with no excuse as to his failure to follow proper legal procedure which was available to him through the paperwork [that] was served upon him."

On October 25, 2024, the husband timely filed a notice of appeal to this court.

## Analysis

The husband first argues on appeal that the trial court erred in denying his motion to set aside the default judgment because, he says,

the trial court lacked statutory authority to enter the judgment. To the extent that the husband argues that the judgment should be reversed based on the absence of an entry of default against the husband before the trial court entered the default judgment, see Griffin v. Blackwell, 57 So. 3d 161 (Ala. Civ. App. 2010) (discussing that the failure to follow the procedure that a party must follow in order to obtain a default judgment pursuant to Rule 55, Ala. R. Civ. P., amounts to reversible error), we note that the husband failed to raise that argument before the trial court. Accordingly, we cannot consider this issue for the first time on appeal. See Andrews v. Merritt Oil Co., 612 So. 2d 409, 410 (Ala. 1992) ("[An appellate] court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.").

The husband also argues, as he did before the trial court, that the trial court erred in entering the default judgment because there was not a sufficient evidentiary basis for the judgment. Rule 55(e) provides:

> "Proof Required Despite Default in Certain Cases. No judgment by default shall be entered against minors, incompetents, or parties to an action for divorce or annulment of marriage unless the claimant establishes the party's claim or right to relief by evidence."

In <u>Mendia v. Encarnacion</u>, 275 So. 3d 158, 162 (Ala. Civ. App. 2018), this court concluded that a default judgment of divorce was due to be set aside because there had been no evidence presented in support of the grounds upon which the divorce had been granted. In <u>Miller v. Miller</u>, [Ms. CL-2023-0251, Sept. 29, 2023] ___ So. 3d ___ (Ala. Civ. App. 2023), this court overruled <u>Mendia</u> insofar as it concluded that the lack of evidence of a ground for a divorce judgment renders a judgment void for lack of subject-matter jurisdiction. This court affirmed in <u>Miller</u>, however, that a trial court lacks statutory authority to enter a divorce judgment without evidence in support of a ground for divorce. ___ So. 3d at ___. <u>See also</u> <u>Johnson v. Johnson</u>, 168 So. 3d 61, 64 (Ala. Civ. App. 2014) (reversing a judgment of divorce because the record contained no evidence to support the ground for divorce contained in the judgment or the orders regarding custody, support and visitation); <u>Dubose v. Dubose</u>, 132 So. 3d 17, 21 (Ala. Civ. App. 2013) (reversing a judgment divorcing the parties as having been entered without statutory authority because the judgment was not based on any evidence indicating that the parties were incompatible or that there had been an irretrievable breakdown of the marriage).

In the present case, the wife presented only her affidavit as evidence in support of her motion for the entry of a default judgment. Although the wife's counsel argued at the September 17, 2024, hearing that the division of the marital property was sufficiently supported by the wife's assertion in her affidavit that she was entitled to the property, the wife's counsel did not argue that the wife's assertions in her affidavit presented evidence that would support grounds for a divorce. The wife's affidavit -- her only evidentiary submission -- fails to present any evidence regarding her asserted grounds for the divorce. Because the wife failed to present any such evidence, the trial court lacked statutory authority to enter the default judgment divorcing the parties and purporting to divide the parties' property. See Miller, supra; Helms v. Helms, 50 Ala. App. 453, 455, 280 So. 2d 159, 161-62 (Ala. Civ. App. 1973) ("[T]his court having determined that there was no authority in the trial court to grant a divorce, there can be no property settlement due to the dissolution of the marriage."). Accordingly, we reverse the trial court's judgment to the extent that it denied relief to the husband under Rule 55(c). Having determined that the trial court lacked statutory authority to enter the default judgment, we decline to consider the husband's

12

argument on appeal that the trial court exceeded its discretion in denying his motion to set aside the default judgment based on the analysis outlined in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So. 2d 600 (Ala. 1988).

The husband also argues on appeal that the trial court erred in denying his motion for a change of venue. Section 30-2-4, Ala. Code 1975, provides:

> "Complaints for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which the parties resided when the separation occurred, or if the defendant is a nonresident, then in the circuit court of the county in which the other party to the marriage resides."

In the present case, the wife failed to make any assertions before the trial court indicating that venue was proper in Elmore County. The wife's counsel argued at the September 17, 2024, hearing that the husband had waived the issue of improper venue. Rule 82(d)(1), Ala. R. Civ. P., provides: "When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein."

13

In Ex parte Lugo de Vega, 65 So. 3d 886, 894 (Ala. 2010), our supreme court acknowledged that "Rule 82[(d)(1), Ala. R. Civ. P.,] does not define what constitutes a 'timely motion' for a change of venue." It looked first to Rule 1(c), Ala. R. Civ. P., which provides that the rules of civil procedure "shall be construed and administered to secure the just, speedy and inexpensive determination of every action," and then to cases that had addressed the timeliness of a motion under Rule 82(d)(1) for guidance; it stated, in pertinent part:

> "In Ex parte Starr[, 419 So. 2d 222 (Ala. 1982)], this Court held: 'The first time the defendant raised the venue issue came some nine months after the complaint was filed. This is not a timely objection under Alabama Rules of Civil Procedure, Rule 82.' 419 So. 2d at 223. In that case, the defendant moved to set aside a default judgment against him on the ground that his 'failure to file an answer was due to inadvertence or mistake.' Id. The trial court set aside the default judgment, and the plaintiffs challenged its ruling by a petition for a writ of mandamus to this Court. After this Court denied the plaintiffs' petition for a writ of mandamus, the defendant moved the trial court to transfer the action under Rule 82. The trial court denied the motion on the basis that it was untimely filed, and the defendant then petitioned this Court for a writ of mandamus directing the trial court to transfer the action. This Court denied the petition, concluding that, '[u]nder these facts, we hold that [the defendant's] objection to venue comes too late.' 419 So. 2d at 223. In explaining its decision, this Court noted that the defendant had 'put the plaintiffs to considerable expense, both in terms of time and money, and has sought and received relief from a default judgment' and that '[o]nly after the

14

> plaintiffs failed in this Court to have the judgment reinstated did he raise the venue issue.' Id."

65 So. 3d at 894. The supreme court also discussed Ex parte Movie Gallery, 31 So. 3d 104 (Ala. 2009), and Ex parte Michelin North America, Inc., 56 So. 3d 604 (Ala. 2010). It observed that, in both of those cases, the defendants had answered the complaints, raising the defense of improper venue but had failed to file motions to transfer venue until months after they had filed their answers; nevertheless, in both cases, our supreme court concluded that the motions were not untimely.

Clearly, based on Ex parte Movie Gallery and Ex parte Michelin, the passage of time alone will not cause a motion to transfer venue to be considered untimely. In the present case, the husband timely filed a motion to set aside the default judgment within 30 days after the entry of the judgment, pursuant to Rule 55(c), and less than three months after he had been served with the summons and the complaint. The husband presented his affidavit in support of his assertion that his failure to file an answer to the wife's complaint was negligent, and not willful, based on the parties' ongoing attempts to negotiate a settlement. See Camping World, Inc. v. McCurdy, 111 So. 3d 738, 742-43 (Ala. Civ. App. 2012) (discussing that the failure to file an answer as the result of a good-faith

15

belief that ongoing settlement negotiations obviated the need to answer the complaint was, at worst, negligence). Unlike in Ex parte Starr, 419 So. 2d 222 (Ala. 1982), the husband promptly filed his motion for a change of venue on the date of his first appearance before the trial court. The only filings that had been presented were the complaint and those filings presented in support of the wife's request for a default judgment, which we have determined was not properly supported by sufficient evidence. Thus, we cannot conclude that any delay in the husband's filing for a motion for a change of venue was prejudicial to the wife. The husband supported his motion with his affidavit containing facts indicating that venue was improper in Elmore County, and the wife's counsel effectively conceded at the September 17, 2024, hearing that venue was improper pursuant to § 30-2-4. Based on the relevant authority and under the present circumstances, we cannot determine that the husband's motion was untimely or that he waived the defense of improper venue. Accordingly, we conclude that the trial court erred in denying the husband's motion for a change of venue.

<u>Conclusion</u>

We reverse the trial court's judgment insofar as it denied the husband's motion to set aside the default judgment and denied the husband's motion to transfer venue. We remand the case for the trial court to enter an order setting aside the default judgment, to vacate its order denying the husband's motion for a change of venue, and to transfer the case to Montgomery County.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Hanson, Fridy, and Lewis, JJ., concur.

Edwards, J., concurs in the result, without opinion.